SLIP OPINION

Cite as 2016 Ark. 220

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CRIMINAL PRACTICE | **Opinion Delivered** May 19, 2016 |

## PER CURIAM

The Arkansas Supreme Court Committee on Criminal Practice submitted proposals for changes in rules affecting criminal practice. We are publishing the following recommendations for comment:

1. Amendment to Rule of Appellate Procedure–Criminal 2

2. Amendment to Rule of Appellate Procedure–Criminal 10

3. Amendment to Rule of Criminal Procedure 3.1

4. Amendment to Rule of Criminal Procedure 8.2

The Reporter's Notes explain the changes, and the proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

We express our gratitude to the committee members for their work with respect to the rules. Comments on the suggested rule changes should be made in writing before July 1, 2016, and addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Criminal Procedure Rules, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

SLIP OPINION

**PROPOSED RULES CHANGES**

**RULES OF APPELLATE PROCEDURE--CRIMINAL**

**Rule 2. Time and method of taking appeal.**

(a) *Notice of Appeal.* Within thirty (30) days from

(1) the date of entry of a judgment <u>or uniform sentencing order</u>, or

. . . .

**Reporter's Notes, _____ Amendment:**

"Uniform sentencing order" was added to subdivision (a)(1).

**Rule 10. Automatic appeal and mandatory review in death–sentence cases; procedure on affirmance.**

(a) *Automatic appeal.* <u>(1)</u> Upon imposing a sentence of death, the circuit court shall order the circuit clerk to file a notice of appeal on behalf of the defendant within thirty (30) days after entry of judgment. The notice of appeal shall be in the form annexed to this rule. The court reporter shall transcribe all portions of the criminal proceedings consistent with Article III of the Rules of the Supreme Court and shall file the transcript with the circuit clerk within ninety (90) days after entry of the judgment. Within thirty (30) days after receipt of the transcript, the circuit clerk shall compile the record consistent with Article III and shall file the record with the clerk of the Arkansas Supreme Court for mandatory review consistent with this rule and for review of any additional issues the appellant may enumerate.

<u>(2) *Extension of time.*</u>

<u>(A) If the court reporter needs an extension of time to file the transcript, the court reporter shall notify the circuit court and all parties explaining the reasons for the requested extension. A party has ten (10) days to file an objection, in which case the circuit court shall provide all parties the opportunity to be heard, either at a hearing or by responding in writing. Otherwise, the court may proceed to decide on the extension.</u>

<u>(B) The court may order an extension if it finds, in writing, (i) the time to file the record on appeal has not yet expired and (ii) an extension of time is necessary for the court reporter to file the transcript. The court must enter its extension order before the end of the 90-day period afforded the court reporter in Rule 10(a) or by a prior extension order.</u>

<u>(C) This subdivision, 10(a)(2), supersedes Rule 4(c)(1), but Rule 4(c)(2) and (3) otherwise remain applicable.</u>

(b) *Mandatory review….*



**Reporter's Notes, _____ Amendment:**

Subsection (a) was amended by designating the current language as subpart (1) and adding a new subpart (2) to address the extension of time for the court reporter to prepare the transcript. *See Johnson v. State*, Docket No. CR–15–68, Order of February 19, 2015 ("Petition for writ of certiorari is granted . . . . Refer request for clarification of counsel's responsibilities to the Supreme Court Committee on Criminal Practice.").

## RULES OF CRIMINAL PROCEDURE

### Rule 3.1. Stopping and detention of person: time limit.

A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may <u>stop and detain a person no longer than reasonably required to handle the matter for which the stop was made and in no event longer than 15 minutes.</u> ~~require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances~~. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an
offense.

**Reporter's Notes, _____ Amendment:**

These changes reflect the United States Supreme Court decision in *United States v. Rodriguez*, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015), rejecting even a *de minimis* expansion of a *Terry* stop beyond the time necessary to handle the matter leading to the stop.

### Rule 8.2. Appointment of counsel.

~~(a) An accused's desire for, and ability to retain, counsel should be determined by a judicial officer before the first appearance, whenever practicable.~~

~~(b)~~ (a) <u>A judicial officer shall determine whether the defendant is indigent and, if so, appoint counsel to represent him or her at the first appearance, unless the defendant</u> ~~Whenever an indigent is charged with a criminal offense and, upon being brought before any court, does not~~ knowingly and intelligently waive<u>s</u> the appointment of counsel. <u>The court need not appoint counsel if</u> ~~, the court shall appoint counsel to represent the indigent, unless~~ the indigent <u>defendant</u> is charged with a misdemeanor and the court has determined that under no circumstances will incarceration be imposed as a part of ~~the~~ <u>any</u> punishment ~~if the indigent is found guilty~~. A suspended or probationary sentence to incarceration shall be considered a

SLIP OPINION

sentence to incarceration if revocation of the suspended or probationary sentence may result in the incarceration of the indigent without the opportunity to contest guilt of the offense for which incarceration is imposed.

~~(c)~~ (b) Attorneys appointed by district courts may receive fees for services rendered upon certification by the presiding judicial officer if provision therefor has been made by the county or municipality in which the offense is committed or the services are rendered. Attorneys so appointed shall continue to represent the indigent accused until relieved for good cause or until substituted by other counsel.

**Reporter's Notes, _____ Amendment:**

This change clarifies what Rule 8 has always required: that judges appoint lawyers for indigent defendants to represent them at the first appearance. *See Bradford v. State*, 325 Ark. 278 (1996) ("Rule 8.2 provides that the trial court shall appoint counsel to represent an indigent defendant at the first appearance, if the right is not knowingly and intelligently waived.").